UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket No. 07-cr-29-P-S |
| BRYAN BLACK, | ) |
| | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

On April 2, 2008, Defendant Bryan Black pleaded guilty to a four-count Indictment arising out of two armed robberies.[1] Count Three charged possession of a firearm by a felon under the Armed Career Criminal Act ("ACCA"), which carries a fifteen-year mandatory minimum term of imprisonment. See 18 U.S.C. §§ 922(g)(1), 924(e). Count Two charged brandishing of a firearm in connection with a crime of violence, which carries a seven-year mandatory minimum consecutive term of imprisonment. See 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(D)(ii). Black asserts that an exception to § 924(c)(1)(A) prevents the Court from imposing the seven-year consecutive term of imprisonment. The Government disagrees. This memorandum provides the Court's written explanation for its ruling regarding this disputed issue of law.

**I.    LEGAL FRAMEWORK**

The contested statutory provision, 18 U.S.C. § 924(c)(1)(A), provides in relevant part:

> Except to the extent that a greater minimum sentence is otherwise
> provided by this subsection or by any other provision of law, any person

---

[1] The Indictment charged two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Counts One and Four); brandishing of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Two); and possession of a firearm by a felon under the Armed Career Criminal Act, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Three).

> who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
> . . . .
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . .

The scope of the introductory "except clause" has generated extensive recent commentary. Because the "except clause" lacks an explicit referent—in other words, it "does not say 'a greater minimum sentence' *for what*," United States v. Parker, 549 F.3d 5, 11 (1st Cir. 2008)—courts have weighed various interpretations. Under the most literal reading of § 924(c)(1)(A), the imposition of any "greater minimum sentence" on another count of conviction triggers the exception. Alternatively, the term "greater minimum sentence" might only apply to sentences imposed in a particular manner (e.g., consecutive to another count of conviction), for particular conduct (e.g., firearm-related conduct), or for particular statutory violations (e.g., violations of § 924(c)).

Until quite recently, the courts of appeals had unanimously rejected the literal reading, limiting the term "greater minimum sentence" in the various ways described. See United States v. Alaniz, 235 F.3d 386, 386 (8th Cir. 2000) (clause only applies "to a 'greater minimum sentence' for the various types of firearm-related conduct proscribed in § 924(c)(1)(A)."); United States v. Studifin, 240 F.3d 415, 423 (4th Cir. 2001) (clause only applies to those statutory provisions "that could impose an even greater mandatory minimum consecutive sentence for a violation of § 924(c)."); United States v. Collins, 205 Fed. Appx. 196, 198 (5th Cir. 2006) (unpublished) (clause only applies to those statutory provisions "that concern firearm possession in furtherance of a crime of violence or drug-trafficking crime."); United States v. Easter, 553 F.3d 519, 526 (7th Cir.

2009) (clause only applies to "a higher minimum sentence for *that* § 924(c)(1) offense."); see also United States v. Jolivette, 257 F.3d 581, 587 (6th Cir. 2001) (holding that armed bank robbery statutes that do not impose mandatory minimum sentences do not trigger the "except clause," and adopting Alaniz in dicta); United States v. Baldwin, 41 Fed. Appx. 713, 715 (6th Cir. 2002) (unpublished) (reaffirming Jolivette); United States v. Kyles, 304 Fed. Appx. 268, 269-70 (5th Cir. 2008) (reaffirming Collins); United States v. Winbush, 264 F. Supp. 2d 1013, 1017 n.8 (N.D. Fla. 2003) (defendant conceded that "except clause" did not apply to fifteen-year mandatory minimum sentence under ACCA). But in United States v. Whitley, 529 F.3d 150, 153 (2d Cir. 2008), the Second Circuit read the "except clause" to apply literally to any "greater minimum sentence" required by another count of conviction, including the crime of violence or drug-trafficking crime underlying the § 924(c)(1)(A) charge. Accordingly, in a case quite similar to this one, the Whitley court invalidated a consecutive term imposed pursuant to § 924(c)(1)(A) because the defendant was also subject to a fifteen-year mandatory minimum sentence under ACCA. The Second Circuit has since applied the "except clause" to a greater minimum sentence imposed pursuant to a drug-trafficking statute (21 U.S.C. § 841(b)(1)(A)), thus intensifying the circuit split it precipitated in Whitley. See United States v. Williams, 558 F.3d 166, 175 (2d Cir. 2009).

The First Circuit recently discussed the implications of Whitley in United States v. Parker. The defendant in Parker pleaded guilty to two counts of drug trafficking under 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession of a firearm in furtherance of a drug-trafficking crime under § 924(c)(1)(A). 549 F.3d at 7. The district court imposed two 135-month concurrent terms for each of the drug counts, as well as a five-

3

year consecutive term pursuant to § 924(c)(1)(A).  Id. at 8 n.1.  Parker attacked his sentence and urged the First Circuit to extend Whitley to the greater minimum sentences imposed on the drug counts (essentially advocating the position subsequently adopted by the Second Circuit in Williams).

The First Circuit concluded that a greater minimum sentence imposed pursuant to a drug-trafficking statute does not trigger the "except clause."  Id. at 11.  In dicta, Judge Boudin suggested that an "alternative (and more sensible) referent" to the one urged by Parker was "obvious":

> Section 924(c) dictates an additional minimum sentence for an underlying offense *because* of the presence of the firearm; thus, if "a greater minimum sentence is otherwise provided" *on account of the firearm*, then under the "except clause" that greater minimum might supersede the otherwise applicable section 924(c) adjustment.  Conceivably, Congress wished to avoid a double increment for the same firearm, so this is at least a plausible reading, while Parker's suggested readings are implausible based on the statutory purpose.
>
> That very double-counting danger was arguably present in [Whitley], on which Parker principally relies.  There the defendant was convicted and sentenced for Hobbs Act robbery, and also subject to a fifteen-year mandatory minimum sentence because he possessed a firearm in the course of the robbery and had three prior convictions for violent felonies or serious drug offenses.  Application of section 924(c), which the Whitley court disallowed, would have imposed a *further* ten year consecutive sentence for the discharge of *the same gun* in the same robbery.

Id. (citation and internal punctuation omitted).  Beyond this speculation, however, Parker expressly refused to consider "how the Whitley problem would be resolved in this circuit."  Id. at 12.

## II.   DISCUSSION

This case squarely presents "the Whitley problem."  Id.   The Government suggests that the Court simply dismiss Whitley as contrary to the weight of authority.

4

But to be fair, most of the cases aligned with the majority view did not concern a defendant, like Black, exposed to a fifteen-year mandatory minimum sentence under ACCA: Alaniz, Collins, Easter, and Kyles, like Parker, all involved greater minimum sentences imposed pursuant to drug-trafficking statutes; the defendants in Jolivette and Baldwin were convicted of violating the armed bank robbery statute, which does not require any minimum sentence. Thus, only Studifin, Winbush, and Whitley directly speak to the situation where, as here, a defendant faces a "greater minimum sentence" for possessing a firearm as an armed career criminal.

In short, despite Parker's dicta suggesting some sympathy for the outcome in Whitley, this Court concludes that the fifteen-year mandatory minimum sentence under 18 U.S.C. §§ 922(g)(1) and 924(e) does not constitute a "greater minimum sentence" under the "except clause." First, as the Seventh Circuit recently noted in adopting a quite restrictive interpretation of the "except clause," § 924(c) "defines a standalone crime," not an enhancement. Easter, 553 F.3d at 526. Thus, the Court questions whether a "double-counting danger" truly exists: although Counts Two and Three involve the "same gun," Parker, 549 F.3d at 11, different conduct underlies each charge. Under 18 U.S.C. §§ 922(g)(1) and 924(e), Black faces a fifteen-year mandatory minimum sentence for possessing a firearm as an armed career criminal. But the § 924(c)(1)(A) charge punishes Black's brandishing of a firearm in connection with a crime of violence. Because these are clearly distinct standalone crimes with different elements that are completed at different times, the imposition of consecutive sentences punishes Black's use of the same gun, critically, in different ways. See Watson v. United States, 128 S. Ct. 579, 581-82 & n.3 (2007) (describing Bailey v. United States, 516 U.S. 137 (1995), in

5

which the Supreme Court determined that mere possession does not constitute "use" under § 924(c)(1)(A), and Congress's subsequent expansion of the statute to reach possession of a firearm "in furtherance of" any crime of violence or drug-trafficking crime); United States v. Rivera-Rivera, 555 F.3d 277, 291 (1st Cir. 2009) (construing the mandatory minimum sentence provision of ACCA as "an enhancement suitable for judicial determination."); United States v. Bartelho, 71 F.3d 436, 439 (1st Cir. 1995) (describing elements of § 922(g)(1), which does not require possession "in furtherance of" another crime); Winbush, 264 F. Supp. 2d at 1017 n.8 ("the § 924(e) sentence is for a different offense (possession of a firearm as a felon three times convicted of violent or serious drug offenses) than the offense at issue in § 924(c) (possession of a firearm *in furtherance of* a crime of violence or drug trafficking offense)."). The Court considers the distinct conduct underlying each statutory violation more relevant than the identity of the firearm for purposes of "double-counting." Parker, 549 F.3d at 11.

Moreover, 18 U.S.C. § 924(c)(1)(D)(ii) requires that any penalty imposed under § 924(c)(1)(A) "be imposed to run consecutively to any other sentence." Easter, 553 F.3d at 526. But Whitley's literal reading nullifies this directive: as the Seventh Circuit explained, "[a] determination of guilt that yields no sentence is not a judgment of conviction at all. And a sentence of zero months cannot be served consecutively to another sentence." Id. In addition, Whitley's unrestrained interpretation of the "except clause" conflicts with Congress's stated intent to expand the reach of § 924(c)(1)(A). See id.; Studifin, 240 F.3d at 420-21. Finally, several courts have described the irrational sentencing outcomes that result from Whitley's literal reading, including the imposition of more lenient minimum sentences on more serious offenders. See Studifin, 240 F.3d at

423; Alaniz, 235 F.3d at 389; Easter, 553 F.3d at 527; see also Parker, 549 F.3d at 11 n.3; Whitley, 529 F.3d at 155.

### III.  CONCLUSION

For the reasons set forth herein, the Court concludes that the "except clause" does not apply to a greater minimum sentence imposed under 18 U.S.C. §§ 922(g)(1) and 924(e), and that it may impose a consecutive term of imprisonment under § 924(c)(1)(A) in this case.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 15th day of April, 2009.