UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| BRYAN BLACK, | ) | |
| | ) | |
| Movant | ) | |
| v. | ) | 2:07-cr-00029-GZS-1 |
| | ) | 2:12-cv-00360-GZS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Bryan Black was convicted of robbery, by use or threat of force, of a Domino's Pizza store and of a gas station on two separate dates, in violation of 18 U.S.C. § 1951(a). He was also charged with brandishing a firearm in connection with the Domino's robbery and with being a thrice-convicted felon in possession of a firearm on the date of that offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 922(g)(1), and 924(e). On April 2, 2008, Black pleaded guilty as charged and was subsequently sentenced to a total of 145 months imprisonment as follows: ninety-nine month prison terms on Counts 1, 3 and 4, to run concurrently with each other, and then to a consecutive forty-six month term on the brandishing charge. Black appealed, raising various sentencing issues. By judgment entered on November 21, 2011, the First Circuit summarily affirmed. See United States v. Black, No. 09-1517 (1st Cir. Nov. 21, 2011) (ECF No. 298 on this court's 07-29 docket). Black did not file a petition for a writ of certiorari with the Supreme Court. See id.

On November 26, 2012, this Court docketed Black's 28 U.S.C. § 2255 motion. (ECF No. 308.) The time for filing this motion would have expired one year from the expiration of the

deadline for Black to file a petition for a writ of certiorari in the Supreme Court (90 days from the circuit court's entry of judgment), meaning he had until February 21, 2013, to file his motion. See 28 U.S.C. § 2255(f)(1); Sup. Ct. R. 13; Ramos-Martinez v. United States, 638 F.3d 315, 320-21 (1st Cir. 2011). Although Black timely filed his motion, for reasons that follow I recommend that the court deny the motion and dismiss the petition without further hearing.

### APPOINTMENT OF COUNSEL

As a preliminary matter I note that Black has made repeated and articulate attempts to persuade me to appoint counsel to represent him in connection with this petition. (See ECF Nos. 308, 314, 316, 317, and various attachments thereto.) It is clear that Black wants legal representation and I have given serious consideration to each of his requests. As a practical matter, I note that the issues Black raises are purely legal in nature and do not require an evidentiary hearing. If an evidentiary hearing were needed, I would, of course, appoint counsel as contemplated by Rule 8(c) of the Rules Governing Section 2255 Proceedings. Although it is clear that Black feels greatly disadvantaged by not having counsel, I am satisfied that the legal issues he raises can be fairly addressed by the court even though Black is unrepresented. Even if Black had couched his three claims as ineffective assistance of either trial or appellate counsel, he would not be entitled to relief because, as I explain below, all three grounds fail on the merits. There was no deficient performance by counsel failing to press the issues Black raises.[1] As the

---

[1] Black has not raised ineffective assistance claims except in the most oblique language, stating that his prior counsel kept telling him to raise these issues in a section 2255 motion. (Petition at 6, ¶ (c)(7); at 7, ¶ (b)(2), (c)(7); at 8, ¶ (b)(2); and at 9, ¶ (c)(7).) Even if Black had raised ineffective assistance claims as to either his federal trial counsel or appellate counsel, those arguments would amount to little more than straightforward assertions that failing to raise the specific issues discussed herein was in and of itself ineffective assistance. Because the issues lack merit, counsels' failure to pursue them cannot be ineffective assistance. Nothing in the record of the sentencing arguments or the appellate decision even remotely suggests that either counsel did anything inappropriate. Black does not contend that either attorney misled him in any way or did anything other than try to provide him with diligent representation.

Government points out, the issues are now procedurally defaulted, but even if they had been raised at sentencing or on appeal, they would not have been successful.

## DISCUSSION

Black's three issues are straightforward. Black contends:

(1) that because he pled guilty in state court to an escape charge pursuant to a plea agreement where he would forego filing a lawsuit against the guards in exchange for a sentence that included no jail time, that conviction should not have been used for any purpose in conjunction with the federal court's sentencing determinations;

(2) that because under guideline calculations he did not receive any criminal history points for the Class C Escape charge, to which he pled guilty in state court, that charge should not have been used as one of the three predicate offenses upon which his Armed Career Criminal Act status was based; and

(3) that because his state charges occurred within four or five days of his federal charges, his state and federal charges justify concurrent sentences under the applicable, relevant conduct sentencing guidelines.

(Petition at 5-9.) Each of these arguments is addressed in turn.

### 1. *The state court guilty plea to Class C Escape*

Black contends that when he pled guilty to the state court escape charge, a Class C felony with a potential sentence of up to five years imprisonment, he did so pursuant to a plea agreement whereby he agreed not to pursue a civil lawsuit against jail guards who had beaten him up in return for an agreed plea recommendation of no jail time. The record as reported in the presentence investigation supports Black's contention in that he only received a $500.00 fine for that offense. The state conviction for escape occurred in 1992 and the presentence report assigned no criminal history category points in terms of guidelines computations. Nevertheless, the escape charge qualified as a crime of violence for purposes of the statutory armed career criminal enhancement.

In his direct appeal Black's counsel did challenge the use of the escape conviction as an ACCA violent felony.[2] The appellate court summarily rejected the claim in an unpublished decision. However, in other published decisions the circuit has reiterated that the Maine escape statute is appropriately treated as an ACCA predicate. See United States v. Small, 640 F.3d 425, 428 (1st Cir. 2011) (finding Maine Class C Escape a categorical crime of violence regardless of the underlying facts, which involved a walk away from a hospital when taken there as a jail inmate); United States v. Pratt, 568 F.3d 11, 20-22 (1st Cir. 2009) (distinguishing Chambers v. United States, 555 U.S. 122 (2009), which involved a prior conviction for failure to report, and holding "that escape from secure custody is a violent felony within the meaning of the ACCA"). The court in Small noted the categorical approach makes it irrelevant that a peaceful manner was used to commit a crime of violence. Small, 640 F.3d at 428.

To the extent Black may have in mind that he can challenge the validity of his 1992 escape conviction, that train has long ago left the station. Black does not provide any evidence that the federal government had anything to do with the plea negotiations and he offers only generalities about the terms of the plea agreement. See Daniels v. United States, 532 U.S. 374, 379 (2001). In any event, as the government says: "Relitigating the nuances of a conviction obtained by a state over two decades ago was among the factors leading the Supreme Court to preclude the use of 28 U.S.C. § 2255 as a vehicle for such collateral claims." (Answer at 13, ECF No. 313.) As explained in Daniels: "If . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant

---

[2] In the November 21, 2011, judgment, the First Circuit explained that Black's "sole ground" for appeal was "that the sentencing court improperly counted his previous Maine state conviction of Class C Escape, pursuant to 17-A M.R.S.A. § 755, as a 'violent felony' under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, resulting in an enhanced [GSR] and a statutory mandatory minimum sentence of fifteen years." (ECF No. 298.) The appellate court held that characterizing Black's escape conviction as a "'violent felony' under the residual clause of § 924(e) was consistent with circuit court precedent." (Id.) Black's supplemental reply, filed March 27, 2013, reiterates his continuing objection to the inclusion of this escape conviction in the presentence report, but the fact remains that the conviction occurred and that the First Circuit has held that it was properly counted under the ACCA.

failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse." Daniels, 532 U.S. at 382.

2.  *Use of Class C Escape with no criminal history points*

It appears that Black's second claim is closely related to the first claim.  Even if he can no longer challenge the validity of the 1992 state court conviction, Black contends it was error for the court to use the conviction as one of the predicates for the armed career criminal designation when the conviction was scored no criminal history points under the guideline computations.  Black's argument is premised on his fundamental misunderstanding of the statutory significance of "three strikes" under the ACCA, as distinguished from advisory guideline calculations pertaining to criminal history points.  Under the ACCA, 18 U.S.C. § 924(e), Congress did not place any limitations on otherwise qualifying predicates in terms of the age of the case or the length of the actual sentence served.  Those factors do, however, influence the accumulation of criminal history point under the sentencing guidelines.  The ACCA focuses solely on whether the prior crime was *punishable* by a prison term of at least one year.  In Black's case he had three prior convictions for a violent felony, triggering the statutorily mandated fifteen year minimum sentence, regardless of the guideline calculations.

Black's three violent felony predicates were:  (1) a residential burglary[3] that also scored zero criminal history points (see PSI ¶43);  (2) the 1992 escape conviction, zero points (PSI ¶ 47);  and (3) a robbery conviction (PSI ¶ 46).  Those convictions were really only the tip of the iceberg in terms of Black's criminal history.  Black had a total of thirteen previous adult convictions (that followed juvenile adjudications) covering a quarter century of criminal conduct

---

[3]     Black appears fixated with the fact that the presentence "counted" a burglary with no criminal history points when there were other burglaries that were "switched." (Reply at 5.)  Certain nonresidential burglary convictions were not used as "violent felonies" in accordance with prevailing case precedent.  Black was not prejudiced in any respect by any guidelines calculations, even though he appears to believe that someone somewhere pulled a "fast one" on him by "switching" the charges.

5

that included, inter alia, robbery and multiple theft, burglary and escape offenses (PSI ¶¶ 41-55). The most amazing fact in this case is that obviously competent counsel managed to secure Black not only acceptance of responsibility, but also an 81-month departure from the 15-year (180-month) ACCA term that produced the 99-month sentence on Counts 1, 3 and 4. He also managed to secure a 45-percent departure from the mandatory consecutive seven-year term for the section 924(c) count. The use of Black's Class C Escape conviction was proper and is not the basis for any section 2255 relief. Black was looking at a minimum sentence of 264 months, and he received 145 months, a major reduction in sentencing exposure considering the length of his prior record and the seriousness of the robberies charged in this indictment.

3. *Consecutive versus concurrent sentences*

Black's third ground relates to the concurrent versus consecutive sentences he was ordered to serve. His argument appears to relate to his state burglaries described in paragraph 54 of the presentence report.[4] Black claims that the burglaries should have been included as relevant conduct in terms of his federal sentences and not made subject to consecutive sentences. I am unsure where this argument comes from because the burglaries were state sentences and the federal court did not order that Black's sentence was to run consecutive to the state sentences, although by operation of law he could not commence the federal sentence until he came into federal custody which could not have occurred until his state sentences were completed. Black

---

[4] The federal indictment charges Black with two robberies, one committed on November 1, 2004, and one on November 2, 2004. The grand jury returned this indictment on March 14, 2007, over two years after the events giving rise to the charges. The state burglaries in Standish occurred on October 30, 2004. Additionally, on October 25, 2004, Black was convicted in connection with breaking and entering into a business in Portland, Maine. There is no question but that Black was engaged in quite a crime spree in late October and early November 2004. He was not sentenced on the federal charges until April 2009. The state sentence for the Standish conduct was imposed on June 2, 2006, and for the Portland business on July 7, 2006. As of Black's March 26, 2007, initial appearance in this court, he was still in state custody. (Initial Appearance Minute Entry, ECF No. 20.) It appears that Black still had not completed the imprisonment portion of the state sentences by the time of the April 13, 2009, sentencing, because the government represents that Black completed his state sentences on July 24, 2009, and began serving his federal sentence on that date. (Motion to Transfer Defendant to the Bureau of Prisons ¶ 1, ECF No. 290.)

may be arguing that he should have been given something akin to credit for the time he served on the state sentences prior to his federal sentencing. Black is correct that he committed these crimes within days of the November 1 and 2, 2004, robberies that led to his federal charges. He offers no basis, however, for a court to include those state crimes as conduct relevant to any of his federal offenses. Nor is there any legal authority for the notion that his federal sentence should somehow be shortened because of time he spent serving state sentences for other state crimes, in state custody, prior to commencement of his federal sentence. The Bureau of Prisons would not credit this time under 18 U.S.C. § 3585(b)(1) or (2) because Black was serving another sentence before he came into federal custody.

       The consecutive nature of Black's final sentence is due to the conviction under 18 U.S.C. § 924(c), which requires a seven-year consecutive sentence for brandishing a gun while committing the Domino's robbery. The government is correct that a section 924(c) sentence must be consecutive to any other count of conviction. If for some reason a guidelines calculation had included the Standish burglaries as "relevant conduct" that would not have in anyway impacted the consecutive nature of the section 924 conviction.

## CONCLUSION

       For the reasons stated above I recommend that the court summarily deny this 28 U.S.C. § 2255 motion. I further recommend that a certificate of appealability not issue in the event Black files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

## NOTICE

       A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to

28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


|  |  |
|---|---|
|  | /s/Margaret J. Kravchuk |
| March 29, 2013 | U.S. Magistrate Judge |