UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) </br> ) </br> ) </br> ) |
| v. | ) </br> ) Docket no. 2:07-cr-00029-GZS |
| BRYAN BLACK, | ) </br> ) </br> ) </br> ) |
| Defendant. | ) </br> ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Motion for Compassionate Release (ECF No. 451). Having reviewed this Motion and the related filings (ECF Nos. 454, 455 & 457), the Court DENIES Defendant's Motion.

**I.     LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling reasons" that presently warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). In determining what qualifies as extraordinary and compelling, the Court generally considers whether "the defendant's situation constitutes the type of extreme hardship that the compassionate-release statute is designed to ameliorate." United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021) (cleaned up).

In addition, the Court must determine that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). To date, however, the Sentencing Commission has not issued a policy statement applicable to prisoner-

initiated motions for compassionate release. See United States v. Ruvalcaba, 26 F.4th 14, 21 (1st Cir. 2022). The Commission's current policy statement, U.S.S.G. § 1B1.13, is applicable "only to motions brought by the BOP." Id. at 20. "As a general matter, a district court, reviewing a prisoner-initiated motion for compassionate release in the absence of an applicable policy statement, may consider any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief." Id. at 28. But, U.S.S.G. § 1B1.13 "nonetheless may serve as a non-binding reference." Id. at 23.

Finally, the Court must consider any applicable factors found in 18 U.S.C. § 3553(a), and "determine whether, in its discretion, the reduction is warranted in whole or in part under the particular circumstances of the case." Id. at 19 (cleaned up); see also 18 U.S.C. § 3582(c)(1)(A). "[A] supportable determination that the balance of the section 3553(a) factors weighs against a sentence reduction constitutes an independent reason to deny compassionate release." United States v. Texeira-Nieves, 23 F.4th 48, 55 (1st Cir. 2022); see also, e.g., United States v. Thurlow, No. 2:16-cr-00053-DBH, 2021 WL 5921368, at *2–3 (D. Me. Dec. 15, 2021) (denying compassionate release based on section 3553(a) factors despite finding that the death of the defendant's minor children's caregiver constituted an extraordinary and compelling reason).

## II.     DISCUSSION

Defendant Bryan Black, aged 51, is currently incarcerated at FCI Petersburg Medium.[1] Having already served a period of imprisonment as a sentence for four robbery and firearm-related offenses, the Court ordered Defendant committed to the custody of the Bureau of Prisons ("BOP") because he violated the terms of his supervised release. Defendant is currently serving a 12-month

---

[1] See https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last visited May 11, 2022). As of the date the Government filed its Response (ECF No. 457) to Defendant's Motion, Defendant was being held at Cumberland County Jail. See Gov. Resp. (ECF No. 457), PageID #s 3072–73.

term, with a projected release date of October 30, 2022.

In support of his Motion, Defendant asserts several purportedly "extraordinary and compelling reasons" warranting a modification of his sentence. First, Defendant describes a litany of medical issues he experiences, including Type 2 diabetes, hypertension, post-traumatic stress disorder, coronary artery disease, migraines, weakened eyesight, nerve damage, tendonitis, high blood pressure, and aftereffects of an infection with COVID-19. (See Def. Mot. (ECF No. 451), PageID # 3019; 3/23/22 Ltr. (ECF No. 454), PageID # 3051.) Second, Defendant points to the need to care for his wife, aged 81. (See Def. Mot., PageID # 3020.) Third, Defendant articulates complaints related to several conditions of his confinement: insufficiently stringent protocols to combat the spread of COVID-19, alleged retaliation due to requests for protection, and staff inattention to a noted allergy to onions. (See id. at 3021–22; 3/23/22 Ltr., PageID # 3052; 3/24/22 Ltr. (ECF No. 455), PageID #s 3060–62.) Having unsuccessfully petitioned the jail administrator at the Cumberland County Jail for relief,[2] Defendant requests that this Court grant him compassionate release or alter the terms of his incarceration to home confinement. (See Ex. 2 to Gov. Resp. (ECF No. 457-2), PageID # 3093.)

The Court concludes that Defendant's concerns about his health do not constitute an extraordinary and compelling reason for compassionate release.[3] Concededly, the COVID-19 pandemic continues to have a deleterious effect on the nation's prisons, including FCI Petersburg

---

[2] The Government has expressly waived any argument that Defendant has failed to exhaust administrative remedies per 18 U.S.C. § 3582(c)(1)(A). See Gov. Resp. (ECF No. 457), PageID #s 3079–80. Thus, the Court assumes for present purposes that Defendant's petition to the jail administrator at Cumberland County Jail, where Defendant was held when he filed the present Motion, qualifies as a request to the "warden of the defendant's facility" and that the Motion was timely filed. 18 U.S.C. § 3582(c)(1)(A).

[3] The Court further notes that, even had it found reason to grant compassionate release under 18 U.S.C. § 3582(c), it lacks the authority to order Defendant remitted to home confinement. See Tapia v. United States, 564 U.S. 319, 330–31 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment' . . . [D]ecisionmaking authority rests with the BOP.").

Medium, where Defendant is incarcerated. FCI Petersburg Medium is operating at BOP COVID-19 Operational Level 3, which entails imposition of the maximum level of virus-related precautions. See https://www.bop.gov/locations/institutions/pem (last visited May 11, 2022); https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (last visited May 11, 2022).

Still, the COVID-19 infection risk apparently faced by Defendant personally does not amount to an extraordinary or compelling reason for release, even accounting for his myriad health challenges. Defendant has received a full course of vaccination and has been referred to receive an additional booster dose. (See Med. Records (ECF No. 457-3), PageID # 3128; Gov. Resp., PageID # 3073.) Vaccination substantially reduces the risk posed by the COVID-19 disease. See United States v. Akerson, No. 1:16-cr-00130-JAW-1, 2021 WL 1865223, at *9 (D. Me. May 10, 2021). Furthermore, Defendant has already contracted a breakthrough case of COVID-19 in prison, and has recovered. (See Med. Records, PageID # 3116.) In sum, Defendant's particular situation does not allow the Court to conclude that his risk from a second COVID-19 infection presents an extraordinary and compelling reason for release.

The Court further determines that Defendant's desire to care for his wife, while genuine, is not an extraordinary or compelling reason to grant compassionate release. Among the illustrative "extraordinary and compelling reasons" to grant compassionate release, the commentary to U.S.S.G. § 1B1.13 includes "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C)(ii). The Court considers this circumstance to be a "non-binding" reference to guide its application of 18 U.S.C. § 3582(c)(1)(A)(i) in this case. Ruvalcaba, 26 F.4th at 23. Nevertheless, Defendant has not argued that his wife has recently been

incapacitated, leaving him the only potential caregiver. Nor does Defendant claim that circumstances with his wife are different from those that existed when he entered BOP custody. In other words, this justification is neither extraordinary nor compelling, and thus is not a basis for this Court to order compassionate release.

Finally, the Court construes Defendant's remaining arguments to be challenges to the conditions of his confinement, which the Court cannot review for two reasons: lack of jurisdiction and failure to exhaust. See, e.g., Parker v. Hazelwood, No. 17-CV-484-LM, 2019 WL 4261832, at *2 (D.N.H. Sept. 9, 2019) (explaining the "two jurisdictional limitations on a district court's authority to grant writs of habeas corpus: the 'immediate-custodian rule' and the 'territorial-jurisdiction rule.'"); see also 42 U.S.C. § 1997e(a) (the exhaustion provision of the Prison Litigation Reform Act ("PLRA")); Ross v. Blake, 578 U.S. 632, 639 (2016) ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.").

Even if the Court found that Defendant had offered an extraordinary and compelling reason for compassionate release, its consideration of the sentencing factors listed at 18 U.S.C. § 3553(a) provides an independent basis to deny this request for a sentence reduction. See Thurlow, 2021 WL 5921368, at *2–3. Specifically, the Court concludes that there remains a need "to protect the public from further crimes" by Defendant. 18 U.S.C. § 3553(a)(2)(C). Defendant is currently incarcerated for violating two conditions of his supervised release: a prohibition on the consumption of alcohol and a prohibition on commission of other crimes. On two separate occasions within approximately ten days of each other, Defendant was found to be operating a vehicle under the influence of alcohol. Defendant's Breath Alcohol Content reading on the first occasion was 0.07%, and on the second, 0.09%. Given these incidents, the Court finds Defendant's

continued incarceration to be appropriate under 18 U.S.C. § 3553(a) and DENIES his Motion for Compassionate Release (ECF No. 451).

      SO ORDERED.

                                            /s/ George Z. Singal
                                            United States District Judge

Dated this 11th day of May, 2022.